UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STANLEY L. NIBLACK, | : | |
| | : | Civil Action No. 10-1825 (JLL) |
| Plaintiff, | : | |
| | : | |
| v. | : | MEMORANDUM OPINION |
| | : | |
| GEORGE HAYMAN, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff pro se
Stanley N. Niblack
Hope Hall
676 Fairview Street
Camden, NJ 08010

**LINARES**, District Judge

Plaintiff Stanley L. Niblack, a prisoner confined at Hope Hall in Camden, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay

the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined.  Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42

2

U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Here, it appears that Plaintiff has had at least three actions dismissed on grounds that constitute "strikes" under 28 U.S.C. § 1915(g).  See Niblack v. Osterbye, Civil No. 98-3083 (D.N.J.); Niblack v. Osterbye, Civil No. 07-1529 (D.N.J.); Niblack v. Miller, 97-1530 (D.N.J.); Niblack v. Lynch, Civil No. 93-3639 (D.N.J.).

In addition, in this action, Plaintiff failed to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including certified account statements for the six months immediately preceding submission of the complaint. See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769

(2007).  Specifically, although Plaintiff used a form application, he failed to complete the pages describing his assets.  His account statements ended as of February 19, 2010, but the Complaint and application for leave to proceed in forma pauperis are both dated one month later, on March 23, 2010.  Thus, Plaintiff has failed to provide complete institutional account statements.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

CONCLUSION

For the reasons set forth above, Plaintiff's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.

Plaintiff will be granted leave to move to re-open within 30 days.[1]  Any such application to re-open must be accompanied by either (1) payment of the $350 filing fee, or (2) submission of a complete application for leave to proceed in forma pauperis,

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).

including complete information about Plaintiff's assets and complete certified institutional account statements for the six-month period immediately preceding March 23, 2010, <u>AND</u> documentation establishing that the dismissals noted herein should not be considered "strikes" under 28 U.S.C. § 1915(g).

An appropriate Order will be entered.

_____
Jose L. Linares
United States District Judge

Dated: /2 - 3 - /0